**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | |
|---|---|
| Nancy E. Thomas, ) | C/A No. 5:16-1412-CMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Nancy A. Berryhill, ) | |
| Acting Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Plaintiff's *pro se* complaint, seeking judicial review of an apparent denial of Disabilty Insurance Benefits ("DIB") by the Commissioner of Social Security. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(a), DSC, this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

On June 13, 2018, the Magistrate Judge entered a Proper Form Order requiring Plaintiff to submit a complete Complaint form, signed Form AO-240, and service documents within 21 days. ECF No. 9. Plaintiff submitted a letter with the same documents she initially filed, noting "I could not get any help with filling out this paperwork. It's been a long journey." ECF No. 12. A second Proper Form Order was entered on July 20, 2018, allowing Plaintiff until August 10, 2018 to submit the required documents. ECF No. 16. Plaintiff was specifically warned this was her "final opportunity" to bring the case into proper form and was told the failure to provide the documents requested would result in a recommendation for dismissal for failure to prosecute. *Id.* No documents were received from Plaintiff. On August 16, 2018, the Magistrate Judge issued a

Report and Recommendation ("Report") recommending that the complaint be dismissed without prejudice and without issuance and service of process for failure to prosecute. ECF No. 20. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if she failed to do so. Plaintiff has filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

This action is dismissed without prejudice and without issuance and service of process for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
September 10, 2018